UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21334-Civ-COOKE/GOODMAN

ESTHER COLLAR,

    Plaintiff,

vs.

MICHAEL B. WILSON, WENDY RIVERA,
HENRY ELLIS, PAMELA STOCKTON,
L. WILLIAMS, CARLOS USEGUEDA,
JUAN MIRANDA and HUD MIAMI,

    Defendants.

_____/

**ORDER GRANTING MOTION TO DISMISS**

THIS MATTER is before me on the Motion to Dismiss and to Transfer Venue filed by Defendants Michael Wilson and Lacary Williams ("Motion") (ECF No. 28). The Motion is fully briefed and ripe for review. For the reasons stated herein, the Motion is granted.

**I. BACKGROUND**

Plaintiff was terminated from the Section 8 housing program on July 31, 2015. ECF No. 1-2, at p. 29. On October 20, 2015, Plaintiff filed an administrative complaint with the United States Department of Housing and Urban Development ("HUD"). *Id.* at p. 24. That agency dismissed Plaintiff's complaint on April 4, 2016. *Id.* at pp. 30–31. Exactly two years later, on April 4, 2018, Plaintiff filed the Complaint in this case. ECF No. 1. On April 20, 2018, Plaintiff filed her Amended Complaint. ECF No. 6.

Liberally construing her *pro se* pleadings, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it appears that Plaintiff seeks to assert the same claims here that she brought in the prior HUD proceedings. *See generally* ECF No. 6. Those claims were summarized as follows, in a document issued by HUD at the close of the proceedings:

> Complainant Esther Collar . . . alleg[es] violations of the Fair Housing Act . . . based on national origin. Specifically, Complainant alleges that . . . [the] Orlando Housing Authority and Lacary Williams . . . discriminated against her by ignoring her request to port [*i.e.*, move] to Miami from Orlando, falsely accusing her of not reporting the departure of members of her household to

1

> Miami, refusing to allow her son to translate during critical hearings at the housing authority, and terminating her housing assistance based on her national original (Cuban).

ECF No. 1-2, at p. 24.

Defendants Michael Wilson and Lacary Williams move to dismiss the instant action on a variety of grounds. *See generally* ECF No. 28. "First and foremost," they argue that "Plaintiff's claims are barred by the relevant statute of limitations." *Id.* at p. 4.

## II. LEGAL STANDARDS

The Fair Housing Act makes it unlawful to "make unavailable or deny[] a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The Act likewise makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

Under the Act, "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice[.]" 42 U.S.C. § 3613(a)(1)(A). "The computation of such 2-year period shall not include any time during which an administrative proceeding . . . was pending with respect to a complaint or charge . . . based upon such discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(B).

## III. DISCUSSION

Plaintiff was terminated from the Section 8 program on July 31, 2015. ECF No. 1-2, at p. 29. Eighty-one days later, on October 20, 2015, Plaintiff filed her administrative complaint with HUD. *Id.* at p. 24. Plaintiff's administrative complaint remained pending for approximately five and one-half months, *id.* at p. 31, a period that is "not include[d]" in calculating the two-year limitations period under the Fair Housing Act. 42 U.S.C. § 3613(a)(1)(B). Plaintiff's administrative complaint was ultimately dismissed on April 4, 2016. ECF No. 1-2, at pp. 30–31. Exactly two years later, on April 4, 2018, Plaintiff filed the Complaint in this case. ECF No. 1.

Thus, excluding the period when Plaintiff's administrative complaint was pending before HUD, a total of two years and 81 days elapsed between "the occurrence or the

termination of [the] alleged discriminatory housing practice" and Plaintiff's initiation of this civil action. 42 U.S.C. § 3613(a)(1)(A). Plaintiff's claims are therefore time-barred, and this case must be dismissed. *See, e.g.*, *Allen v. Hous. Auth. of City of Auburn*, 638 F. App'x 825, 826 (11th Cir. 2015) (case properly dismissed where plaintiff's claims, based on termination from Section 8 housing, were barred by two-year limitations period under § 3613(a)(1)).

Because the Court agrees with Defendants Michael Wilson and Lacary Williams that the case must be dismissed on statute of limitations grounds, the Court need not reach the other arguments raised in their Motion.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** that the Motion to Dismiss and to Transfer Venue filed by Defendants Michael Wilson and Lacary Williams (ECF No. 28) is **GRANTED**. This case is **DISMISSED** *with prejudice*. The Clerk of Court shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, Miami, Florida, this 29th day of March 2019.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*