UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-21334-Civ-COOKE/GOODMAN

ESTHER COLLAR,

      Plaintiff,

v.

ORLANDO HOUSING AUTHORITY,

      Defendant.
_____/

**DEFENDANT'S RENEWED MOTION TO TRANSFER VENUE WITH INCORPORATED MEMORANDUM OF LAW**

    COMES NOW, Defendant, ORLANDO HOUSING AUTHORITY ("OHA" or "Defendant"), by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure and S.D. Fla. Local Rules, and hereby files this, their Renewed Motion to Transfer Venue with Incorporated Memorandum of Law pursuant to Federal Rule of Civil Procedure, 28 U.S.C. § 1406(a) and alternatively 28 U.S.C. § 1404(a), respectively, and as grounds therefore states the following:

**INTRODUCTION AND BACKGROUND**

    1.    Plaintiff, ESTHER COLLAR, filed this action on or about April 4, 2018, alleging discrimination on the part of the Defendants based on Plaintiff's national origin, race, and language. [DE 6, pg. 2].

1

2. On September 21, 2018, Defendant filed its Motion to Dismiss and to Transfer Venue arguing, among other things, Plaintiff's claim under the FHA was barred by the relevant statute of limitations.

3. On March 29, 2019, this Honorable Court granted Defendant's Motion to Dismiss and to Transfer Venue and dismissed this case with prejudice. *See* DE 40. In its opinion, the Court stated that "[b]ecause the Court agrees with Defendants Michael Wilson and Lacary Williams that the case must be dismissed on statute of limitations grounds, the Court need not reach the other arguments raised in their Motion." [DE 40, pg. 3].

4. Plaintiff appealed the dismissal and the Eleventh Circuit Court of Appeals issued its Opinion to Vacate and Remand on July 31, 2020. *See* ECF No. 52. The Eleventh Circuit Court of Appeals vacated the dismissal and remanded the case to this Court with instructions to grant Plaintiff leave to amend her complaint. *Id*.

5. On November 17, 2020, Plaintiff filed a Motion for Leave to File Second Amended Complaint and Substitute Parties seeking to substitute the Orlando Housing Authority for named Defendants, Michael Wilson and LaCary Williams, employees of the Orlando Housing Authority.

6. On March 24, 2021, this Honorable Court granted Plaintiff's Motion for Leave to File Second Amended Complaint and Substitute Parties.

7. As this Court did not reach Defendant's argument regarding transfer of venue when it was initially raised in Defendant's Motion to Dismiss and to Transfer Venue, Defendant's motion to transfer venue is still at issue before this Court.

8. Defendant renews its motion to transfer venue and requests that this Court transfer this case to the United States District Court for the Middle District of Florida.

9. Venue for this case is not proper in this District Court. Pursuant to 28 U.S.C. § 1391(b) as interpreted by this Court, venue for this case is only proper in the United States District Court for the Middle District of Florida.

10. This action is not brought in the District in which the Defendant resides.

11. No acts giving rise to this action occurred within the District of the United States District Court for the Southern District of Florida.

12. This case could have been brought in the United States District Court for the Middle District of Florida.

13. Alternatively, transfer to the United States District Court for the Middle District of Florida would promote convenience of the parties and witnesses and the interest of justice.

14. Defendant and all material witnesses with any knowledge regarding the allegations asserted by Plaintiff in her Third Amended Complaint are located in Orlando, Florida.

## STATEMENT OF FACTS

15. Defendant is an independent public corporation, funded primarily by the United States Department of Housing and Urban Development (HUD), which provides affordable housing in the cities of Orlando and Sanford.

16. Defendant's registered address and principal place of business is in Orlando, Florida.

17. According to Plaintiff's Third Amended Complaint, Plaintiff participated in the federal Section 8 Tenant-Based Assistance Housing Choice Voucher Program ("Section 8 program"), operated by Defendant. [DE 72, pg. 1].

18.     According to Plaintiff's Third Amended Complaint, once Plaintiff's voucher was transferred to Defendant, she used her voucher to rent an apartment in Orlando. [DE 72, pg. 4].

19.     According to Plaintiff's Third Amended Complaint, Defendant allegedly violated Plaintiff's rights under the Due Process Clause of the 14th Amendment to the U.S. Constitution and the United States Housing Act of 1937, as amended, when it terminated Plaintiff's housing assistance payments for her apartment in Orlando before it conducted an informal hearing, and when it later held a post-termination hearing in Orlando where it provided Plaintiff with inadequate translation services, interfering with her ability to defend against the voucher termination. [DE 72, pg. 1].

## MEMORANDUM OF LAW

Venue is proper in a civil case if the circumstances meet the requirements of 28 U.S.C. § 1391(b), which governs venue generally.

28 U.S.C. § 1391(b) states:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Regarding section (2) of the above-quoted statute, only the events that directly give rise to a claim are going to be considered relevant and only places that host a substantial part of the event considered for purposes of venue determination. *Jenkins Brick Co. v. Bremer*, 321 F. 3d 1366, 1371 (11th Cir. 2003).

4

**I.     VENUE IS NOT PROPER IN THE SOUTHERN DISTRICT OF FLORIDA**

28 U.S. Code § 1406 allows a party to a federal civil case to challenge a plaintiff's choice of venue.

28 U.S. Code § 1406(a) states:

(a)     The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In the instant case, Plaintiff filed her case in the United States District Court for the Southern District of Florida. However, Defendant is a Public Housing Authority which provides affordable housing in the cities of Orlando and Sanford. Defendant's registered address and principal place of business is in Orlando, Florida. In addition, all of the alleged events or omissions giving rise to Plaintiff's claims as alleged in her Third Amended Complaint occurred within the Middle District of Florida. The United States District Court for the Middle District of Florida is a proper venue for this action pursuant to 28 U.S.C. § 1391(b). The United States District Court for the Middle District of Florida has subject matter jurisdiction over this action and personal jurisdiction over the Defendant. Defendant can be properly served in the Middle District of Florida. Therefore, United States District Court for the Southern District of Florida is not a proper venue for this action. Accordingly, Defendant respectfully requests this Honorable Court transfer this case to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

**II.    TRANSFER OF VENUE TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA IS WARRANTED.**

28 U.S.C. § 1404(a), which applies when the plaintiff's chosen venue is proper, but transfer is warranted based on convenience and in the interest of justice. "For the convenience of parties

and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The threshold question in an analysis of § 1404(a) is whether the action might have been brought in the proposed transferee court. *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp 8, 10 (S.D. Fla. 1985). "An action 'might have been brought' in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Id*. "[A] plaintiff's choice of forum 'should not be disturbed unless it is clearly outweighed by other considerations.'" *Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1272 (S.D. Fla. 2014) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F. 3d 253, 260 (11th Cir. 1996)). However, when the operative facts underlying a plaintiff's cause of action did not occur within the forum, a plaintiff's choice is given less consideration. *Windmere*, 617 F. Supp. at 11.

In the instant case, this action "might have been brought" in the United States District Court for the Middle District of Florida. The Middle District did – and continues to – have jurisdiction over the subject matter of this case. Plaintiff's Third Amended Complaint contains claims for relief pursuant to Due Process Clause of the 14th Amendment to the U.S. Constitution and the United States Housing Act of 1937 and therefore subject matter jurisdiction is established pursuant to 28 U.S.C. § 1331 as the Complaint presents a federal question. Further, venue is proper in the Middle District pursuant to 28 U.S.C. § 1391(b)(2) as the allegations in Plaintiff's Complaint against Defendants concern conduct that occurred in the City of Orlando – within the Middle District. Finally, Defendant is amenable to process in the Middle District as Defendant's registered address and principal place of business are within the Middle District.

Venue for this case is preferable in the Middle District of Florida for the convenience of the parties and witnesses. Plaintiff's Third Amended Complaint alleges violations of the Due Process Clause of the 14th Amendment to the U.S. Constitution and the United States Housing Act of 1937 by Defendant. Defendant is located in Orlando, their files are located in Orlando, the vast majority of witnesses are likely in Orlando, and the alleged conduct would have taken place in Orlando. Plaintiff's preference to litigate in the Southern District should be given less consideration as almost the entirety of the alleged actions giving rise to her claim occurred in the Middle District. Accordingly, in the event this Honorable Court finds venue for this case to be proper in the Southern District of Florida, Defendant respectfully requests this Honorable Court transfer this case to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and has been unable to do so.

/s/ Luis R. Toribio, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this 15th day of February, 2022, with the Clerk of Court by using the CM/ECF system to: Jeffrey H. Hearne, Esq., Legal Services of Greater Miami, Inc., 4343 W. Flagler St., Suite 100, Miami, Florida 33134, jhearne@egalservicesmiami.org.

LYDECKER LLP
Attorneys for Defendant
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
Telephone: (305) 416-3180
Fax: (305) 416-3190

BY: */s/ Luis R. Toribio, Esq.*
LUIS R. TORIBIO
Fla. Bar No. 106211
lrt@lydeckerdiaz.com

MARGARET H. MEVERS, ESQ.
Fla. Bar No. 726184
mhm@lydeckerdiaz.com